UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

ROBERT LOCKWOOD,
Plaintiff,
v.
STATE OF CALIFORNIA,
Defendant.

Case No. 17-cv-3999-NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a Texas state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court dismissed the original complaint with leave to amend. (Doc. 8.) Plaintiff has filed an amended complaint. (Doc. 9.)

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff states that he was falsely arrested.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see*, *e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests and arrests were without probable cause enough to state a § 1983 claim of unlawful arrest against special prosecutor); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (reversing denial of qualified immunity when there was "no question" that officers had probable cause to believe that plaintiff had committed the actus reus of theft, even though reasonable people could draw different conclusions based on plaintiff's behavior). A claim of bad faith in making an arrest may also be a cause of

2

action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

In the original complaint plaintiff stated he was unlawfully arrested in California by San Benito County Sheriff's officers. He stated that he was arrested because of the State of Texas. It was not clear if he was arrested based on a Texas warrant or if there was an independent crime and conviction in California. He sought money damages and for his criminal record to be expunged. In dismissing the complaint with leave to amend, the court informed Plaintiff that to challenge his conviction, he must file a habeas petition. To obtain money damages, plaintiff must first demonstrate that his conviction has been reversed or expunged. Plaintiff was also informed that he needed to provide more information concerning his arrest and conviction and identify the individual San Benito County Sheriffs and describe their actions.

Plaintiff's amended complaint is only one page long and fails to address the deficiencies discussed above. In the amended complaint, plaintiff states he was arrested by San Bernardino County Sheriffs in either 1987 or 1997.[1] If plaintiff was arrested in San Bernardino County then this case must be transferred to the Central District. In addition, plaintiff's claims appear to be many years beyond the statute of limitations and plaintiff has not addressed if his arrest led to a conviction and if the conviction was reversed or expunged. The amended complaint is dismissed with leave to amend to provide more information. Plaintiff must identify when he was arrested,

---

[1] Plaintiff's handwriting is unclear.

3

where he was arrested, the names of the arresting officers he seeks relief against and the status of the arrest and conviction. Failure to amend will result in the dismissal of this action. Plaintiff is again informed that because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original or amended complaint by reference.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 26, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge